UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                      Criminal Case No. 12-cr-20631
v.                                   Civil Case No. 15-cv-13361

Richard Young,                 HON. MARK A. GOLDSMITH

      Defendant.

_____/

**OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C.**
**§ 2255 AND DENYING A CERTIFICATE OF APPEALABILITY**

Defendant submits that his sentence is plainly erroneous because the sentencing court assigned two criminal history points for a prior conviction when, in fact, only one point was appropriate. However, Defendant waited too long to file this motion; and even if the motion was timely, Defendant is mistaken as to his own criminal history. Accordingly, Defendant's motion is denied.

**BACKGROUND**

Defendant pleaded guilty to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). (Dkts. 14, 15). His Presentence Investigation Report ("PSIR") reflected a criminal history score of seven, placing him in criminal history category IV. PSIR at 6-7; see also Plea Agreement at 14 (cm/ecf page) (same). Two of these seven criminal history points arose out of a 2006 conviction for possession with intent to deliver marijuana. See PSIR at 6-7. A two-point score is appropriate for a prior conviction when it resulted in a sentence of 60 to 365 days. U.S.S.G. § 4A1.1(b). The PSIR reflects that, although Defendant initially received a 30-day jail sentence for the 2006 crime, he eventually violated his probation and subsequently went to jail

1

for 365 days.  Id.; see also Case Register of Action, Ex. A to Gov't Resp. to Def. Mot. (Dkt. 24-2) (same).

As scored, the PSIR computed a guideline sentence range of 70 to 87 months for the instant case.  Id. at 12.  The Plea Agreement contemplated a sentence within the guidelines, and the Government agreed to recommend a 70-month sentence.  See Plea Agreement at 5.  Ultimately, Defendant was sentenced to 70 months of imprisonment.  See Judgment at 2 (Dkt. 16).

Defendant now asserts that his prior conviction for possession with intent to distribute marijuana should have been assessed one point only, because, he claims, his sentence was only 30 days long.  Def. Mot. at 4.  If Defendant is entitled to the relief he seeks, his corrected guideline range would be 57 to 71 months.  See U.S.S.G. § 5A.  However, the record belies Defendant's factual claim regarding the length of his prior sentence.

## 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005).  Non-constitutional errors generally are outside the scope of § 2255 relief.  See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000).  A movant can prevail on a § 2255 motion alleging

non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal quotation marks and citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "'[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## ANALYSIS

There are two alternative bases for denying Defendant's motion. First, Defendant's motion is time-barred. A motion brought under § 2255 generally must be filed within one year of the date on which a judgment becomes "final." 28 U.S.C. § 2255(f)(1). A judgment becomes "final" when the period to timely appeal expires. Sanchez-Castellano v. United States, 358 F.3d 424, 427 (6th Cir. 2004). Pursuant to Federal Rules of Appellate Procedure, Defendant had 14 days from the date of his judgment to timely appeal his case. Fed. R. App. P. 4(b)(1)(A).

Here, a judgment issued on February 5, 2013. (Dkt. 16). Defendant's time to appeal expired on February 19, 2013. Because Defendant did not appeal, his judgment became final on that date. The one-year statute of limitations applicable to § 2255 motions expired, therefore, on

February 19, 2014.  Yet, Defendant did not file the instant motion until September 21, 2015 — over a year and a half late.  His motion is therefore rejected on this basis.

Defendant invokes an exception to the one-year statute of limitations.  Def. Mot. at 3. 28 U.S.C. § 2255(f)(4) provides that a movant has one year to bring his claim measured from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," if such discovery occurs at some point after the judgment becomes final.  However, notwithstanding the truth or falsity of Defendant's underlying factual claim regarding the length of his prior imprisonment, there is no indication that Defendant lacked knowledge of any facts underlying this motion at the time his judgment became final.

Defendant certainly does not explain what these missing facts were.  His claim is based upon an allegation that his criminal history was scored incorrectly.  That allegedly incorrect score, as well as the criminal history on which it was based, was reflected in the PSIR, as well as the Plea Agreement that Defendant reviewed and signed several months before the judgment entered.  (Dkt. 14).  And it is safe to assume that, at all relevant times, Defendant had personal knowledge of whether he served a sentence of one month, versus one year, for the 2006 crime. Accordingly, Defendant's conclusory claim that he did not have access to the facts supporting his claim defies belief, and, therefore, the one-year statute of limitations began running on February 19, 2013.

The other, alternative basis for denying Defendant's motion is that, applying the Sentencing Guidelines to the PSIR, he was, in fact, sentenced to more than 60 days of imprisonment.  Although Defendant was initially sentenced to only 30 days in jail, "[i]n the case of a prior revocation of probation, . . . [a sentencing court must] add the original term of imprisonment to any term of imprisonment imposed upon revocation.  The resulting total is used

to compute the criminal history points . . . ." U.S.S.G. § 4A1.2(k)(1). Accordingly, at least two criminal history points were appropriately scored for the 2006 conviction when Defendant's probation violation led to an additional 365 days in jail for that crime, see PSIR at 6-7.

Notably, Defendant does not contest the contents of the PSIR by, for example, acknowledging its reference to 365 days of imprisonment, yet claiming that the sentence was never imposed. Rather, he purports to rely upon the facts in the PSIR, while asserting only that the points were miscalculated. See, e.g., Def. Mot. at 4 ("[T]he [PSIR] established that [Defendant] had been sentenced to a sentence of imprisonment of at least 30 days for his prior offense . . . ."), 6 (citing PSIR for premise that prior sentence was only 30 days). Defendant's motion thus seems based upon a misreading of the PSIR, rather than a challenge to its factual content. In other words, Defendant is simply wrong about what the PSIR says, and this is fatal to his claim.

## CERTIFICATE OF APPEALABILITY

The Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To meet this standard, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). Because reasonable jurists could not find this Court's assessment of his claims debatable, the Court will deny Defendant a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence

Under 28 U.S.C. § 2255 (Dkt. 77) and denies Defendant a certificate of appealability.

SO ORDERED.


Dated:  November 24, 2015                    s/Mark A. Goldsmith
           Detroit, Michigan                 MARK A. GOLDSMITH
                                             United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2015.


                                             s/Karri Sandusky
                                                   Case Manager