UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

RICHARD YOUNG,

       Defendant.
_____/

Case No. 12-20631
Hon. Mark A. Goldsmith

**OPINION AND ORDER DENYING DEFENDANT'S MOTION
TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Dkt. 28)**

Defendant filed a motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 and Johnson v. United States, 135 S. Ct. 2551 (2015) (Dkt. 28). In Johnson, the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness. That clause permitted a sentencing enhancement when a defendant had committed a prior crime that "involves conduct that presents a serious potential risk of physical injury to another." The Guidelines contained an identically worded residual clause, which permitted calculation of a higher guideline range for a past conviction that "involves conduct that presents a serious potential risk of physical injury to another." See U.S.S.G. § 4B1.2(a)(2) (Nov. 2012). Defendant argued that Johnson's reasoning extended to the Guidelines' residual clause. See generally Def. Mot.

On March 6, 2017, the Supreme Court issued Beckles v. United States, ___ S. Ct. ___, 2017 WL 855781 (Mar. 06, 2017), which held that the United States Sentencing Guidelines are not subject to vagueness challenges. Thus, Johnson, which held that the ACCA's residual clause was void for vagueness, has no effect on the Guidelines. Because Beckles unequivocally

1

nullifies the legal premise that was necessary for Defendant's argument to succeed, Defendant's motion is denied.

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483–484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

SO ORDERED.

Dated: March 13, 2017  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
      United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2017.

    s/Karri Sandusky
    Case Manager